UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRZYSZTOF WOLINSKI,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>M. COLVIN, et al.,<br><br>　　　　Defendants. | Case No. 17-cv-00583-SI<br><br>**SCHEDULING ORDER**<br>Re: Dkt. Nos. 10, 11 |

Plaintiff has requested an extension of the deadline to object to defendants' removal of this action from the Monterey County Superior Court. Docket Nos. 10, 11. If a plaintiff wants to challenge the removal of an action, the way to do so is via a motion to remand. *See* 28 U.S.C. § 1447(c). Upon due consideration, the court GRANTS the request for extended time. Docket Nos. 10, 11. Plaintiff must file and serve on defense counsel any motion to remand the action to the state court no later than **April 14, 2017**. If plaintiff files a motion to remand the action, defendants must file and serve their opposition no later than **May 12, 2017**. And if defendants file an opposition to his motion to remand, plaintiff must file and serve his reply in support of his motion to remand no later than **May 26, 2017**.

Plaintiff is cautioned that the court will not further extend the deadline beyond April 14, 2017, for plaintiff to file a motion to remand because he has had more than six weeks to prepare such a motion and has not yet identified the basis for any such motion. Moreover, the notice of removal appears proper on its face: (1) the removal appears to be timely in that moving defendants report that they were served with the complaint on January 17, 2017, and removed the action on February 6, 2017, less than thirty days later (*see* Docket No. 1 at 1); and (2) the complaint presents a federal question because, although the allegations are mere conclusions, the

complaint purports to assert claims for violations of plaintiff's rights under the First, Fifth, Sixth and Fourteenth Amendment to the U.S. Constitution (*see* Docket No. 1-1 at 4).

In plaintiff's request for an extension of time, he also asks the court to order prison officials at the R.J. Donovan Correctional Facility in San Diego to return documents to him, which were taken and put in storage when he was placed in a "hospital segregation unit." Docket No. 11 at 2. The request to compel the non-defendants to return materials to plaintiff is denied. Absent unusual and compelling circumstances not present here, federal courts generally are discouraged from interfering with day-to-day prison administration decisions. *See Turner v. Safley*, 482 U.S. 78, 84-85 (1987). Plaintiff may wish to consider filing an inmate appeal to attempt to obtain his paperwork, if he believes it has been improperly confiscated.

**IT IS SO ORDERED**.

Dated: March 22, 2017

_____
SUSAN ILLSTON
United States District Judge