UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KRZYSZTOF WOLINSKI,

    Plaintiff,

v.

M. COLVIN, et al.,

    Defendants.

Case No. 17-cv-00583-SI

**ORDER OF DISMISSAL WITH LEAVE TO AMEND AND DENYING MOTION TO REMAND**

Re: Dkt. No. 17

## INTRODUCTION

Krzysztof Wolinski, an inmate currently housed at the Richard J. Donovan Correctional Facility in San Diego, California, filed a *pro se* civil rights complaint seeking relief under 42 U.S.C. § 1983. The complaint is now before the court for review under 28 U.S.C. § 1915A. Wolinski's motion to remand this action to state court also is now before the court for consideration.

## BACKGROUND

The complaint in this action was prepared using a 4-page form complaint for California state courts that guides a plaintiff to provide needed information by directing him to check the appropriate boxes and fill in the blanks. (*See* Docket No. 1-1 at 2-4.) Here, Wolinski's form complaint has almost no factual allegations. The complaint alleges that a cause of action for "general negligence" is presented and alleges that damages are sought for "abuse of authority and power to deprive plaintiff [of] his constitutional rights, including deliberate denial of access to courts, and access to law library" . . . [and] maliciously causing dismissal of several court[] actions & federal habeas corpus in addition to deliberate perjury/forgery." (*Id.* at 4 (random punctuation

and capitalization omitted).) The complaint cites several cases and cites several federal constitutional provisions, and a variety of state regulations and California Penal Code sections. (*Id.*) Attached to the complaint are approximately 100 pages of exhibits; those exhibits include filings in other cases, miscellaneous prison records, and other courts' orders. (*Id.* at 5-105.)

## DISCUSSION

A. <u>Plaintiff's Motion To Remand the Action To State Court</u>

Wolinski filed this action in Monterey County Superior Court on January 11, 2016. (Docket No. 1-1 at 2.) On February 6, 2017, the five defendants filed a notice of removal of the action to federal court, representing that all five defendants had been served with the summons and complaint on January 17, 2017. (Docket No. 1 at 2.)

Shortly after defendants removed this action to federal court, Wolinski informed this court that he wanted to file a motion to get the case sent back to state court and sought an extension of the deadline to file such a motion. The court explained that the procedural mechanism to challenge the removal of an action was to file a motion to remand and extended the deadline for Wolinski to file such a motion. (Docket Nos. 12, 14, 16.)

Wolinski now moves to remand the action to the Monterey County Superior Court. (Docket No. 17.) He argues that the "cluster of issues involved in this case are complex, and yet barred by" *Heck v. Humphrey*, 512 U.S. 477 (1994), and that an action must be remanded if the federal court lacks subject matter jurisdiction. (Docket No. 17 at 1-2.) His argument is rather confused but appears to be that *Heck* is implicated in this case because prison officials' refusal to provide assistance and supplies for his litigation efforts in earlier cases caused him to lose those cases. (*Id.* at 3-4.)

The case of *Heck v. Humphrey*, 512 U.S. 477 (1994), held that a plaintiff cannot bring a civil rights action for damages for a wrongful conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, unless that conviction or sentence already has been determined to be wrongful. *See id.* at 486-87. A conviction or sentence may be determined to be wrongful by, for example, being reversed on

2

appeal or being set aside when a state or federal court issues a writ of habeas corpus. *See id.* The *Heck* rule also prevents a person from bringing an action that -- even if it does not directly challenge a conviction or sentence or the duration of a plaintiff's confinement -- would imply that the conviction or sentence decision affecting the duration of confinement was invalid. If success in the § 1983 action would "necessarily demonstrate the invalidity of confinement or its duration," the § 1983 action is barred no matter the relief sought (i.e., damages or equitable relief) as long as the conviction or decision affecting a plaintiff's confinement has not been set aside. *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

The *Heck* rule does not appear to apply to this action complaining of denial of access to the courts. Wolinski does not show that *Heck* applies to any of his claims or that there might be a *Heck* problem in federal court that would not also exist in state court. Like the federal courts, California courts apply the *Heck* bar. *See, e.g., Yount v. City of Sacramento*, 43 Cal. 4th 885 (Cal. 2008) (applying *Heck* rule to § 1983 claim); *Baranchik v. Fizulich,* 10 Cal. App. 5th 1210, 217 Cal. Rptr. 3d 425, 431-35 (Cal. Ct. App. 2017) (claim barred by *Heck* rule). Wolinski does not show that *Heck* supports a remand of this action to state court.

Wolinski also does not show any procedural defect in defendants' removal of this action. The notice of removal appears proper on its face: (1) the removal appears to be timely in that moving defendants report that they were served with the complaint on January 17, 2017, and removed the action on February 6, 2017, less than thirty days later (*see* Docket No. 1 at 1); and (2) the complaint presents a federal question because, although the allegations are mere conclusions, the complaint purports to assert claims for violations of plaintiff's rights under the First, Fifth, Sixth and Fourteenth Amendment to the U.S. Constitution (*see* Docket No. 1-1 at 4). For these reasons, Wolinski's motion to remand this action to state court is DENIED. (Docket No. 17.)

B.  Review of Complaint

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any

3

1  claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or
2  seek monetary relief from a defendant who is immune from such relief. *See id.* at § 1915A(b).

3  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a
4  right secured by the Constitution or laws of the United States was violated and (2) that the
5  violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487
6  U.S. 42, 48 (1988).

7  The complaint must contain "a short and plain statement of the claim showing that the
8  pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Specific facts are not necessary; the statement
9  need only . . . give the defendant fair notice of what the . . . claim is and the grounds upon which it
10 rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations and internal quotation marks
11 omitted). Although a complaint "does not need detailed factual allegations, . . . a plaintiff's
12 obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and
13 conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual
14 allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic*
15 *Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer
16 "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. *Pro se* complaints
17 must be liberally construed. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

18 Wolinski's complaint fails to state a claim upon which relief may be granted because he
19 has not alleged enough facts to plausibly suggest he suffered a constitutional violation due to
20 defendants' acts or omissions. As it appears that he is attempting to assert one or more claims for
21 denial of access to the courts, this court will give guidance for pleading such claims.

22 Prisoners have a constitutional right of access to the courts. *See Lewis v. Casey*, 518 U.S.
23 343, 350 (1996). The Ninth Circuit has "traditionally differentiated between two types of access
24 to court claims: those involving prisoners' right[s] to affirmative *assistance* and those involving
25 prisoners' rights to litigate without active *interference*." *Silva v. Di Vittorio*, 658 F.3d 1090, 1102
26 (9th Cir.2011) (emphasis in source), *overruled on other grounds as stated by Richey v. Dahne*, 807
27 F.3d 1202, 1209 n.6 (9th Cir. 2015).

28

To allege a claim for denial of access to the courts of the first sort (i.e., denial of affirmative *assistance*), a plaintiff must allege facts showing that there was an inadequacy in the prison's legal access program that caused him an actual injury. *See Lewis v. Casey*, 518 U.S. at 350-51. To prove an actual injury, the prisoner must show that the inadequacy hindered him in presenting a non-frivolous claim concerning his conviction or conditions of confinement. *See id*. at 355. Examples of impermissible hindrances include: a prisoner whose complaint was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known; and a prisoner who had "suffered arguably actionable harm" that he wished to bring to the attention of the court, but was so stymied by the inadequacies of the prison's services that he was unable even to file a complaint. *See id*. at 351.

The constitutional right to litigate without interference encompasses the First Amendment right to petition the government and Fourteenth Amendment due process right to pursue legal redress by filing civil actions that have a reasonable basis in law or fact. *See Silva*, 658 F.3d at 1102. To state a claim for a violation of the right to litigate without active *interference*, the plaintiff must allege that he has suffered an actual injury, such as the dismissal of his pending action. *See id*. at 1103–04. Additionally, the "underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002). The underlying cause of action must be described by allegations in the complaint sufficient to give fair notice to a defendant, *id.* at 416, and to the court in a prisoner action that must be screened under 28 U.S.C. § 1915A.

Leave to amend is granted so that Wolinski may assert his claims in an amended complaint that cures the deficiencies identified in this order. He must allege enough facts to state a claim for denial of access to the courts that is plausible on its face. The court will not read through his exhibits to piece together a claim for Wolinski; he must fully set it out in his amended complaint. If he contends that there have been several violations of his right to access the courts, he must allege each one separately. Wolinski must be careful to link one or more defendants to each of his claims. He should not refer to them as a group (e.g., "the defendants"); rather, he should identify

each involved defendant by name and link each of them to his claim by explaining what each involved defendant did or failed to do that caused a violation of his rights. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). If he wants to name a supervisor as a defendant, he must allege (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *See Starr v. Baca*, 652 F.3d 1202, 1206-07 (9th Cir. 2011).

If Wolinski wants to plead one or more state law claims against defendants, he must identify and allege the particular state law claim(s), and should allege that he is suing for relief under 28 U.S.C. § 1367 (the supplemental jurisdiction provision) as well as under 42 U.S.C. § 1983 (the civil rights statute that gives the Court federal question jurisdiction over the case).

## CONCLUSION

Plaintiff's motion to remand this action to state court is DENIED. (Docket No. 17.)

The complaint is dismissed with leave to amend. Plaintiff must file an amended complaint that complies with the directions in this order no later than **July 14, 2017**, and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Plaintiff is cautioned that his amended complaint must be a complete statement of his claims. *See Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc) ("For claims dismissed with prejudice and without leave to amend, we will not require that they be repled in a subsequent amended complaint to preserve them for appeal. But for any claims voluntarily dismissed, we will consider those claims to be waived if not repled.") Failure to file the amended complaint will result in the dismissal of this action.

**IT IS SO ORDERED**.

Dated: June 8, 2017

_____
SUSAN ILLSTON
United States District Judge