UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GEORGE NIMER MARTHA,

Petitioner,

v.

NAPA STATE HOSPITAL,

Respondent.

Case No. 17-cv-05484-SI

**ORDER OF DISMISSAL**

Re: Dkt. Nos. 1, 7

George Martha, an inmate at the Napa State Hospital, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 or § 2254. His petition is now before the court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases.

At the time he filed his petition in this action, Martha was a pretrial detainee. His petition indicates that he was sent to Napa State Hospital following a determination that he was not competent to stand trial. He had not been determined to be competent to stand trial as of August 5, 2017. *See* Docket No. 1 at 8. Although the petition makes little sense, it appears to challenge to the criminal prosecution against him; he alleges that his arrest violated due process because his brother used a fake name when he filed a false police report against Martha. *See id.* at 7. Elsewhere, Martha contends that his rights were violated because he had to wait ten months for bed space to open up at Napa State Hospital so that he could be sent there, and because his right to confront his accuser was violated due to his brother's use of a fake name. *See* Docket No. 6. Martha did not present any of his claims to the California Supreme Court on direct appeal or in a state habeas petition before filing this action. *See* Docket No. 1 at 3.

Principles of comity and federalism require that this court abstain and not entertain a pre-trial habeas challenge unless the petitioner shows that: (1) he has exhausted available state judicial

remedies, and (2) "special circumstances" warrant federal intervention. *Carden v. Montana*, 626 F.2d 82, 83-84 (1980), *cert. denied*, 449 U.S. 1014 (1980); *see also Younger v. Harris*, 401 U.S. 37, 43-54 (1971) (under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief absent extraordinary circumstances). The special circumstances that might warrant federal habeas intervention before trial include proven harassment, bad faith prosecutions and other extraordinary circumstances where irreparable injury can be shown. *Carden*, 626 F.2d at 84 (violation of speedy trial right not alone an extraordinary circumstance). Because Martha has not shown special circumstances that warrant federal intervention before the trial is held and any appeal is completed, this court will abstain and DISMISS the petition without prejudice. *See id.* at 84. The alleged constitutional violations that Martha claims have occurred are matters that can and should be addressed in the first instance by the trial court, and then by the state appellate courts, before Martha seeks a federal writ of habeas corpus.

Another reason for Martha to focus his energies in state court is that most, if not all, of his challenges to his arrest cannot be entertained in a federal habeas action -- regardless of whether he presents them while he is a pretrial detainee or after he suffers a conviction. The case of *Stone v. Powell*, 428 U.S. 465, 481-82 (1976) bars federal habeas review of Fourth Amendment claims unless the state did not provide an opportunity for full and fair litigation of those claims. California state procedures provide an opportunity for full litigation of any Fourth Amendment claim. *See Gordon v. Duran*, 895 F.2d 610, 613-14 (9th Cir. 1990) (whether or not defendant litigated Fourth Amendment claim in state court is irrelevant if he had opportunity to do so under California law). Because California provides a full and fair opportunity to litigate claims of unreasonable searches and seizures, this court is precluded from granting habeas relief on such claims. Further, because the Fourth Amendment provides the constitutional protection against an unreasonable search or seizure, Martha cannot rely on the more generalized notion of "substantive due process" to obtain relief for an allegedly improper search or seizure. *See Albright v. Oliver*, 510 U.S. 266, 273 (1994) ("Where a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not

the more generalized notion of "substantive due process," must be the guide for analyzing these claims'").

For the foregoing reasons, this action is DISMISSED. The dismissal of this action is without prejudice to Martha filing a new habeas petition, but he should not file a new federal petition for writ of habeas corpus unless he is convicted and his direct appeal and state habeas proceedings have concluded so that the state's highest court has a fair opportunity to rule on each of his claims.

Martha's *in forma pauperis* application is GRANTED. Docket No. 7.

The clerk shall close the file.

**IT IS SO ORDERED**.

Dated: January 8, 2018

_____
SUSAN ILLSTON
United States District Judge

3