UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRZYSZTOF WOLINSKI,<br><br>Plaintiff,<br><br>v.<br><br>M. COLVIN, et al.,<br><br>Defendants. | Case No. 17-cv-00583-SI<br><br>**ORDER DISMISSING FEDERAL CLAIMS AND REMANDING ACTION TO STATE COURT**<br><br>Re: Dkt. No. 23 |

**INTRODUCTION**

Krzysztof Wolinski, an inmate currently housed at the Richard J. Donovan Correctional Facility in San Diego, California, filed this *pro se* civil action in Monterey County Superior Court, and defendant later removed it to federal court because the complaint mentioned federal constitutional provisions. Many months ago, the court dismissed the complaint with leave to amend. Docket No. 18  After seeking several extensions of the deadline to do so, Wolinski filed an amended complaint. He then requested the court to disregard that amended complaint because he intended to file a second amended complaint. The court granted his motion to disregard the amended complaint, but Wolinski never filed a second amended complaint. In the interest of justice, rather than dismiss the action due to the absence of an operative pleading, the court will review the amended complaint (Docket No. 23) pursuant to 28 U.S.C. § 1915A. For the reasons discussed below, the court dismisses the claims under 42 U.S.C. § 1983 for failure to state a claim upon which relief may be granted, declines to exercise supplemental jurisdiction over the state law claims remaining, and remands the case to state court so that Wolinski may litigate his state law claims there.

**BACKGROUND**

The original complaint in this action was prepared using a 4-page form complaint for California state courts that guides a plaintiff to provide needed information by directing him to check the appropriate boxes and fill in the blanks. (*See* Docket No. 1-1 at 2-4.) Here, Wolinski's form complaint had almost no facts and instead alleged abundant legal conclusions.

The court dismissed the complaint, and required Wolinski to file an amended complaint. Docket No. 18. Because Wolinski had mentioned access to the courts and law library in his original complaint, the court discussed access-to-the-courts claims in the order of dismissal with leave to amend. The court explained what Wolinski needed to allege to state a claim for a denial of affirmative assistance and what he needed to allege to state a claim for denial of the right to litigate without active interference. *Id.* at 4-5. The court also explained that Wolinski had to link defendants to his claim(s) by explaining what each defendant did or failed to do that caused a violation of his rights. *Id.* at 5-6.

A. The Amended Complaint

Wolinski then filed an amended complaint, in which he alleges the following: Prison officials will not sell 28-line court paper (i.e., pleading paper) to indigent inmates. Docket No. 23 at 3. Although prison officials refuse to sell pleading paper to indigent inmates, prison officials will sell pleading paper to inmates with funds in their trust accounts. *Id.*[1] This "depriv[ed] indigent inmates from [a]ccess to the [c]ourts." *Id.* Wolinski filed an unsuccessful inmate appeal on behalf of himself and several other inmates about the refusal to sell them pleading paper and the "total lack of assistance from L.T.A. C. Garcia." *Id.* He alleges that, due to the inadequate access to the law library, his habeas petition (i.e., Case No. 2:11-cv-8649 JFW in the Central District of California) was dismissed. *See id.* at 4. He also alleges that the habeas action was dismissed "in tandem with multiple other civil cases" that he does not identify. *Id.* at 5. Wolinski

---

[1] Wolinski does not explain how indigent inmates -- who by definition lack funds -- would pay for the pleading paper if it was offered for sale to them. He may be trying to say that he thinks prison officials are refusing to *give* pleading paper to indigent inmates.

2

alleges that he "clearly presented the facts relating to this complaint" in his inmate appeal Log # SVSP-L-15-01926. Docket No. 23 at 5.

B. <u>The Inmate Appeal</u>

The inmate appeal (Log # SVSP-L-15-01926) that supposedly "clearly presented the facts" stated: "Since December 2014 the Facility Law Library for which operations are responsible M. Colvin and Principal Ahmann continuously deny to make available for sale 28 line paper or writing paper & ink pen fillers to pro per litigants required for court filings." Docket No. 1-1 at 49. The inmate appeal requested that the library make available for sale to *pro per* inmates ink pen fillers and writing paper, as well as federal court citations and cases for check out. *Id.*

Prison officials partially granted the inmate appeal. At the first level, the response described the availability of the law library, listed thirty occasions in the preceding five months on which Wolinski had accessed the library, *see* Docket No. 1-1 at 63-64, and explained that paging services are available when physical access is not available. The inmate appeal response also stated that non-indigent inmates could purchase legal mailing supplies from the canteen and that indigent inmates could request envelopes, paper and writing instruments by submitting an indigent supply request form to the accounting office. *Id.* at 65. The response further stated that "28-line paper is not required to be provided by the library," and that the inmate could create his own 28-line paper using the regular paper "issued to him through the indigent supply process." *Id.* As to Wolinski's complaint that the five sheets of paper he received weekly as part of his indigent supplies was not enough, the response stated that the regulations did not require "unlimited access to library materials." *Id.*[2]

---

[2] The excerpt of Operational Procedure 34 from the CDCR Operations Manual attached to the original complaint is almost unreadable due to poor photocopy quality. The excerpt appears to state that the housing unit officers will issue the following supplies to inmates on the approved indigent list: five envelopes per week, thirty dental flossers upon request, and "writing supplies to include up to five (5) sheets of white copy paper per week and a golf pencil upon request." Docket No. 1-1 at 41. OP 34 was in the process of being "amended to replace a golf pencil with pen fillers," according to the second level appeal response. Docket No. 1-1 at 68.

3

1   The second level inmate appeal response was similar to the first level response. With regard to pens and paper, the second level response stated that (1) the housing unit issues writing supplies, including five sheets of white paper per week, and that the law library would not supply indigent inmates with 28-line paper; and (2) the housing unit will issue writing instruments (i.e., golf pencil or pen filler) to indigent inmates, and that pen fillers also may be available for use in the law library but those borrowed pen fillers must be returned before the inmates leave the library. Docket No. 1-1 at 68. There is no third level response to the inmate appeal attached to the complaint.

**DISCUSSION**

A.  <u>The Time To File A Second Amended Complaint Has Expired</u>

On June 8, 2017, the court dismissed the complaint with leave to amend. Docket No. 18. On July 31, 2017, the court extended the deadline to file an amended complaint to October 6, 2017. Docket No. 20. On October 10, 2017, the court extended the deadline for Wolinski to file his amended complaint to December 8, 2017, and cautioned that "[t]his deadline will not be further extended because, by the time it arrives, plaintiff will have had six months to prepare an amended complaint in which he is only being asked to describe the facts that show his entitlement to relief." Docket No. 22.

On October 12, 2017, Wolinski filed an amended complaint. Docket No. 23. A week later, Wolinski filed a request for the court to disregard that amended complaint, so that he could file a second amended complaint. Docket No. 24. In an October 30, 2017 order, the court granted the request, struck the amended complaint, required Wolinski to file an amended complaint no later than December 8, 2017, and warned that "[t]his deadline will not be further extended. Failure to file the second amended complaint by the deadline will result in the dismissal of this action." Docket No. 25 at 1. The court noted that it was concerned about the pattern of delays exhibited by Wolinski: There had been numerous delays in this action -- both in filing a promised motion to remand and in filing an amended pleading. Docket No. 29 at 1 n.1. And the court noted that dockets in other cases reflect similar delaying activity by Wolinski, such as 20+ requests for

extensions of the deadlines in his habeas action, six requests for extensions of time to request a certificate of appealability in the Ninth Circuit, as well as a civil rights action in which he was still "trying to amend his complaint for more than two years after filing the action, before voluntarily dismissing the action." Docket No. 29 at 1-2 n.1.

Despite the court's warning that the deadline would not be further extended beyond December 8, 2017, Wolinski filed yet another request for extension of time on December 7, 2017. Docket No. 27. The court granted a final extension, requiring Wolinski to file a second amended complaint no later than January 26, 2018, and warning that the "deadline will not be further extended for any reason because plaintiff already has had seven months to prepare the pleading." Docket No. 28. That order came back to the court undelivered, with a marking that the "inmate refused" to accept the envelope. *See* Docket No. 30. It has been almost eight months since the court dismissed the complaint with leave to amend, and more than four months since plaintiff promised to replace his amended complaint with a second amended complaint. The court has waited long enough for the promised second amended complaint. In the interest of justice, rather than dismiss the action due to the absence of an operative pleading, the court will review the amended complaint (Docket No. 23) pursuant to 28 U.S.C. § 1915A.

B. <u>Review of Amended Complaint</u>

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* at § 1915A(b).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

Prisoners have a constitutional right of access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 350 (1996). The Ninth Circuit has "traditionally differentiated between two types of access to court claims: those involving prisoners' right[s] to affirmative *assistance* and those involving prisoners' rights to litigate without active *interference*." *Silva v. Di Vittorio*, 658 F.3d 1090, 1102 (9th Cir.2011) (emphasis in source), *overruled on other grounds as stated by Richey v. Dahne*, 807 F.3d 1202, 1209 n.6 (9th Cir. 2015).

To state a claim for denial of access to the courts of the first sort (i.e., denial of affirmative *assistance*), a plaintiff must allege facts showing that there was an inadequacy in the prison's legal access program that caused him an actual injury. *See Lewis v. Casey*, 518 U.S. at 350-51. To prove an actual injury, the prisoner must show that the inadequacy hindered him in presenting a non-frivolous claim concerning his conviction or conditions of confinement. *See id*. at 355.

To state a claim for a violation of the right to litigate without active *interference*, the plaintiff must allege that he has suffered an actual injury, such as the dismissal of his pending action. *See Silva*, 658 F.3d at 1103–04. Additionally, the "underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002). The underlying cause of action must be described by allegations in the complaint sufficient to give fair notice to a defendant, *id.* at 416, and to the court in a prisoner action that must be screened under 28 U.S.C. § 1915A.

The amended complaint fails to state a claim for either type of denial of access to the courts claim. Regardless of whether a prisoner-plaintiff alleges a denial of affirmative assistance or a denial of his right to litigate without active interference, he must allege an actual injury as a result of the defendants' conduct. Here, the allegations of the complaint and matters of which the court can take judicial notice show that the alleged refusal to give or sell pleading paper to Wolinski did not result in any actual injury.[3]

---

[3] The court takes judicial notice of the proceedings in *Wolinski v. McDonald*, C. D. Cal. Case No. 2:11-cv-8649 JFW. A court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at

6

Wolinski identified only one case that allegedly was affected by the refusal to provide pleading paper, i.e., *Wolinski v. McDonald*, C. D. Cal. No. 2:11-cv-8649 JFW. Although he lost that action, it is plain from the record that his failure to prevail was not due to the alleged refusal of Salinas Valley officials to provide pleading paper. The action was a habeas action challenging Wolinski's conviction for various sex offenses against his teenage daughter.[4] The case had no shortage of filings by Wolinski and had numerous delays at Wolinski's request.[5] His traverse (for which he requested permission to exceed the 25-page limit) was filed months before he arrived at Salinas Valley; the traverse had a table of contents listing 48 federal cases, 11 state cases, constitutional provisions and state statutes. Docket No. 112 and Docket No. 112-1 at 4-5 in Case No. 2:11-cv-8649 JFW. The Magistrate Judge's report and recommendation to deny the petition on the merits was filed on November 4, 2014, before Wolinski was housed at Salinas Valley State Prison starting on or about February 17, 2015. *See* Docket Nos. 122 and 132 in Case No. 2:11-cv-8649 JFW. After his arrival at Salinas Valley, Wolinski filed numerous documents, asking for numerous extensions of the deadlines to file documents, trying to take an appeal (months before judgment was entered), trying to obtain certificate of appealability (months before judgment was entered), moving to stay the case, belatedly moving to file an amended petition, and moving to subpoena documents. Docket Nos. 133, 135, 136, 139, 140, 142, 143, 144, 147, 151, 154, 157, 159, 161, 163, 164, 166, 168, 170 in Case No. 2:11-cv-8649 JFW. In the midst of the many other

---

issue." *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (internal citations and quotation marks omitted).

[4] The Magistrate Judge's report and recommendation to deny the petition stated: "Petitioner was convicted at trial of raping and sexually assaulting his teenage daughter. The key pieces of evidence against Petitioner -- after the graphic testimony of the victim -- were a lengthy videorecording of Petitioner having sex with the girl and numerous explicit photographs that Petitioner took of her. He also gave a recorded, Mirandized interview to the police in which he admitted having sex with his daughter on several occasions. Additionally, while Petitioner was in custody awaiting trial, he attempted to hire a hitman (actually, an undercover detective) to kidnap or kill the victim and her new boyfriend." Docket No. 122 at 2 in Case No. 2:11-cv-8649 JFW. These facts are mentioned to show the improbability of Wolinski being able to convince the habeas court that he was actually innocent, as he suggests at page 5 of his amended complaint.

[5] By the time judgment was entered on December 10, 2015, Wolinski had filed more than 75 documents in the case, including at least 20 requests for extensions of deadlines.

7

filings, on May 14, 2015, Wolinski requested an order directing the warden to make available writing supplies; noting that Wolinski had used pen and paper to submit the request, the court refused to order prison officials to provide him with pen and paper but did grant him a 30-day extension of the deadline to file his long-overdue objections to the report and recommendation. *See* Docket Nos. 147, 148 in Case No. 2:11-cv-8649 JFW. More than nine months after Wolinski arrived at Salinas Valley, and more than a year after the magistrate judge's report and recommendations had been filed, and after Wolinski filed twenty documents other than an objection to the report and recommendations, the court accepted the report and recommendations and entered judgment on December 10, 2015. Docket Nos. 172 and 173 in Case No. 2:11-cv-8649 JFW. Thereafter, Wolinski filed an unsuccessful motion to amend or alter the judgment. Docket No. 176 in Case No. 2:11-cv-8649 JFW. And, after Wolinski filed six motions to extend the deadline to request a certificate of appealability, the Ninth Circuit finally denied the certificate of appealability. *See* Docket No. 187 in Case No. 2:11-cv-8649 JFW. Nothing in the record for Case No. 2:11-cv-8649 JFW even remotely suggests that judgment was entered because pleading paper was not available for sale to Wolinski, or because he was limited to five pieces of paper per week in the indigent package, or because of any limits on his law library access. The inmate appeal response suggests he had lots of library access. And the record in Case No. 2:11-cv-8649 JFW shows a litigant who had a writing instrument and paper; but chose to file documents other than any objection to the report and recommendation that recommended denying his petition.

Wolinski alleges that the librarian would not sell him pleading paper, but he fails to allege facts that plausibly show he actually needed pre-printed pleading paper to have access to the courts. *See Phillips v. Hust,* 588 F.3d 652, 656-57 (9th Cir. 2009) (prison librarian was entitled to qualified immunity from prisoner suit alleging denial of right to access to courts based on allegation that librarian denied prisoner use of comb-binding machine; it was objectively legally reasonable for librarian to conclude that denying prisoner access to comb-binding machine would not hinder his ability to file his cert. petition, especially in light of Supreme Court's flexible rules for pro se pleadings). The one case he identifies as having been affected by defendants' alleged wrongful conduct was not lost due to the absence of pleading paper. Nor has he alleged a

8

plausible claim that that case was lost due to a denial of law library access. The amended complaint fails to state a claim for a denial of access to the courts. Further leave to amend will not be granted on this claim because it would be futile: the order of dismissal with leave to amend informed Wolinski what he needed to allege to state a claim for denial of access to the court, and he was unable or unwilling to allege such a claim.

Wolinski also alleges that the appeal coordinator at the prison did not properly process his inmate appeals. See Docket No. 23 at 2. There is no federal constitutional right to a prison or jail administrative appeal or grievance system for California inmates. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *see also Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). Wolinski had no federal constitutional right to a properly functioning appeal system. An incorrect decision on an administrative appeal or failure to handle it in a particular way therefore did not violate his right to due process.

## CONCLUSION

The amended complaint fails to state a claim under 42 U.S.C. § 1983. The claims asserted under 42 U.S.C. § 1983 are dismissed without leave to amend. With the dismissal of the § 1983 claims, only state law claims remain, and the court declines to exercise supplemental jurisdiction over them. *See* 28 U.S.C. § 1367(c).

The action is remanded to the Monterey County Superior Court for such other and further proceedings as that court deems proper. The clerk shall close the file and send the necessary materials to the Monterey County Superior Court for the remand. The clerk shall make note on those materials that this action was originally filed in Monterey County Superior Court as Case No. 16CV000076.

**IT IS SO ORDERED**.

Dated: March 5, 2018

SUSAN ILLSTON
United States District Judge